# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APPELLANT ) | |
| KEN GOLDSMITH ) | Civil Action No. 2:12-cv-00517 |
| ) | Judge Mark R. Hornak |
| ) | |

and

| | |
|---|---|
| APPELLANT ) | |
| IN RE KEN GOLDSMITH ) | Civil Action No. 2:12-cv-00589 |
| ) | Judge Mark R. Hornak |
| v. ) | |
| ) | |
| APPELLEES ) | |
|    Fidelity Bank of Pennsylvania ) | |
|    David Tkacik ) | |
|    Constance Lampenfield Lucey ) | |
|    Office of the U.S. Trustee ) | |

and

| | |
|---|---|
| APPELLANT ) | |
| KEN GOLDSMITH, ) | |
| ) | Civil Action No. 2:12-cv-00684 |
| ) | Judge Mark R. Hornak |
| v. ) | |
| ) | |
| APPELLEES ) | |
|    Constance Lampenfield Lucey ) | |
|    Bradley S. Dornish, Esq. ) | |
|    David Tkacik, Esq. ) | |
|    Dornish Law Offices, Pc ) | |
|    William Mullen, ) | |
|       *Allegheny County Sheriff* ) | |
|    Commander Terry ) | |
|    Lt. O'Neal ) | |
|    Sgt. Richard F. Fersch ) | |
|    Lisa G. Michael, *Solicitor,* ) | |
|       *Allegheny County Sheriff* ) | |
|    Jonathan Rhoads, ) | |
|       *Agent of Constance Lucey* ) | |
|    Virginia Rhoads, ) | |
|       *Agent of Constance Lucey* ) | |

# MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Late in the day on June 22, 2012, Appellant Kenneth Goldsmith filed at Civil Actions 12-517 and 12-589 what was styled as a motion for extraordinary emergency relief, seeking this Court's immediate intervention to prevent what he represented to be the imminent destruction of his personal property, including what he described as important legal papers and other items that might be assets of the bankruptcy estate. The goods in question were supposedly in a portion of a public warehouse located on Baum Boulevard in the East Liberty/Shadyside section of Pittsburgh that was also used for storage by River House Antiques, an antique business operated by Mr. Goldsmith's mother.

Because of the late hour of the filing, and Mr. Goldsmith's representations that such destruction of his property was on the verge of occurring, this Court, relying on the All Writs Act, 28 U.S.C. §1651, and the statutory provisions giving this Court jurisdiction over these appeals from the Bankruptcy Court and the property of the estate, 28 U.S.C. §158(a) and 28 U.S.C. §1334(e), entered an Order directing all persons with custody or control over the location where the Appellant's personal property was then located to take no steps to dispose of or destroy any such property. That Order set a hearing for July 3, 2012, at 9:30 a.m. and, by its terms, expired at 5:00 p.m. July 3, 2012, unless otherwise terminated or extended by a court of competent jurisdiction. The purpose of that Order was to preserve and protect the jurisdiction of this Court and that of the Bankruptcy Court and to protect the assets of the estate. This Memorandum Opinion is entered in support of the extant Orders of this Court in regard to the various motions for emergency or extraordinary relief sought by Mr. Goldsmith.

At the July 3rd hearing, Mr. Goldsmith appeared, *pro se*. River House Antiques appeared and was represented by counsel. A representative of the owner of the warehouse, J.J. Land Co., was present in court, as was a client representative of River House Antiques. At that hearing, the Court spent considerable time attempting to determine if the parties could reach a consensual arrangement regarding the security of the property in question. They could not, primarily due to what appeared to be open factual questions with respect to the precise inventory of that property, concerns about the health and safety of the area where the items are stored, and Mr. Goldsmith's desires, quite contrary to those of the warehouse owner and of his mother (the lessee of this commercial space), to have physical access to the location where the property currently is, or would be, stored. It was also evident that the emergency motion was, at best, only tangentially related to the subject matters of the appeals before this Court, as those proceedings relate almost completely to his ejectment/eviction from a residential apartment.

At the hearing, Mr. Goldsmith conceded that his personal property is located at the public warehouse solely as a result of a license from his mother, one completely revocable at will. He has no permanent place of residence, seemingly limited resources to pay for an alternate storage site, no stated gainful employment, and no fixed plan (in terms of time or location) for where to store his property if it is moved from the current site. On the other hand, counsel for River House Antiques advised the Court that, from its perspective, the Appellant's property has to be moved immediately. Apparently, at times, Mr. Goldsmith has by his own admission taken up temporary residence in the warehouse space and, given its lack of any sanitary facilities, the location is littered with debris, including human waste. While that alone would pose major concerns at any time, given the current summer weather conditions in Pittsburgh, the situation is growing far worse by the day.

When it was apparent that the parties could not, at the hearing, reach a mutual compromise on a plan for the immediate, and time-fixed, removal of the goods in question, this Court advised the parties that, given the factual issues on the table, unless this Court withdrew the referral of the underlying actions from the Bankruptcy Court (which this Court stated would be improvident, and it had no intention of so doing at this juncture), this matter had to be addressed in the Bankruptcy Court *vel non*. The Court advised Mr. Goldsmith that it was quite possible that the warehouse owner and/or his mother could seek relief in that court from any remnants of the automatic stay to allow them to proceed swiftly with appropriate state law processes to remove his goods, given the completely revocable nature of the license from his mother, and that he might be dispossessed of his items at the warehouse with immediacy.

This Court therefore entered a further Order dated July 3, 2012, that extended its June 22, 2012 Order to expire at 5:00 p.m. July 5, 2012, to allow any party or interested person to seek relief in the first instance from the United States Bankruptcy Court. If such relief was sought before the Order's expiration, it would be extended thereafter to expire at 12:00 p.m. noon on July 9, 2012, to allow that court to act as would be appropriate.[1]

This Court finds that jurisdiction of the matters raised in Mr. Goldsmith's various filings regarding his personalty now in storage in the Baum Boulevard warehouse lies with the Bankruptcy Court at this point, as it is either wholly unrelated to the subject matters of these appeals, or is related only in such a tangential way that it would be improvident for this Court to act upon them prior to proceedings occurring first in that court. Further, to the extent that there are open factual issues related to the inventory of that personalty, the degree to which any of it is

---

[1] After the hearing, Mr. Goldsmith filed at Civil Action No. 12-517 a "demand for preservation" directed to J.J. Land Co., a non-party, purportedly pursuant to Fed. R. Civ. P. 26, and LCvR 26.2.A.2. Without considering the effect, if any, on anyone of that filing, the Court is confident that it has no relation to the matters addressed in this Opinion.

part of the estate, and the degree to which the legitimate interests and rights of others are being unduly impinged by Mr. Goldsmith's continued use of that storage area, those matters are far better left to the Bankruptcy Court for initial adjudication.

_____
Mark R. Hornak
United States District Judge

Dated: July 5, 2012

cc: All Counsel of Record
    Kenneth Goldsmith